We'll move to our next case this morning. Lawrence Krivak v. Home Depot. Thank you very much, and our thanks to all the counselors who assisted us. All right, we're getting some feedback from someone. I see Mr. Corbett and Mr. Sichterman. I think maybe the feedback has been corrected. I'm sorry. Okay, I think we're good to go. Initially, we were getting feedback from one of you as I was speaking, but I think that's been cleared up, so we may proceed. Mr. Corbett, you're first. Hey, good morning, Your Honor. May it please the Court, I'm John J. Corbett, and I represent Lawrence Krivak, the plaintiff appellant in this matter. To begin my argument, I'm gonna start out by saying I missed a number of court conferences and an important deadline over the two and a half years litigating my client's case, and for that, I apologize. I have already apologized to my client, Lawrence Krivak, but I also apologize to the district court, the magistrate judge, and Home Depot's counsel. The court in Home Depot had every right to expect that I would appear at every court conference and that I would meet every deadline, but I did not, and I am not here to make excuses for that. I'm also not here to argue that a sanction should not have been entered as a result of my conduct. I believe that a sanction against me, however, not against my client, would have been fair and still would have been appropriate, still is appropriate. However, the district court, I believe, abused its discretion in dismissing my client's case for one of prosecution instead of imposing some other sanction. First, the record is devoid of information that the district court actually engaged in an exercise of discretion when it dismissed my client's case. There is nothing in the record showing that the court considered three important elements that it should have, that being delay, contumacious misconduct, and prejudice when imposing the most serious possible sanction upon my client. It is true that a court need not impose lesser sanctions before dismissing a case, but the court must at least consider imposing lesser sanctions where the record reveals no delay, contumacious conduct, or prejudice. The exercise of appropriate discretion does require the district court to at least consider imposing a sanction less severe than dismissal. And here, the court had engaged, had the court engaged in such an inquiry, it would see that on the dates that I missed the court calls, the court had been completely informed and was able to move forward with the discovery schedule that was needed. That there were numerous status reports filed by counsel for Mr. Krivak, along with counsel for Home Depot. At the time of the dismissal, all of the discovery had been completed. Discovery was closed, and the case was completely ready for trial or dispositive motions, and should Home Depot chosen to do so, they could have filed a dispositive motion at that time. At this time, when this case was dismissed, we have done all the written discovery, eight lay person's depositions, three treating surgeons depositions, two expert witnesses depositions, and we were also during that time period engaged in eight months of settlement negotiation through the ADR, other mediators, and the court itself. The district court dismissed my client's case based solely on Mr. Krivak's counsel having missed multiple status hearings. This is evident in the district judge dismissal, which involves a single sentence to the explanation for dismissing my client's case, and mentions only that counsel for Mr. Krivak missed multiple status hearings, one of which after being warned that the case could be dismissed. And this is also evident in the magistrate judge's order the prior day in which the magistrate refers to me having missed that day's status hearing after receiving a warning. In light of the lack of delay and prejudice and contumacious conduct, a lesser sanction should have been imposed. When the district court failed to even consider the lack of delay or the absence of prejudice, and when it failed to impose a lesser sanction to make punishment fit the crime, it abused its discretion. The district court also abused its discretion when it failed to consider that there was no prejudice suffered as a result of counsel's conduct. Contumacious conduct, I'd like to point out, I looked it up in Merriam-Webster's dictionary. Contumacious conduct is described as a stubbornly disobedient or rebellious conduct. At no time did I ever engage in such conduct during the entire course of this case. In summary, I don't want to make excuses, and it's not my position that the district court did not have the authority to issue sanctions against me. However, given the lack of prejudice, contumacious conduct, and delay of the case, all factors the district court should have considered to dismiss my client's case with prejudice, which has been described in the Salgado case as a dracanian sanction, was not warranted, and a lesser sanction would have been more appropriate and should have been considered. I'd like to reserve the remaining time for my rebuttal. That's fine, thank you. Mr. Sichterman. Thank you, Your Honor. Jonathan Sichterman for Home Depot. CREVOC attempts to narrow the basis of the court's dismissal order to the last three missed hearings. However, a review of Judge Feinerman's dismissal order and the warning that preceded that order confirmed that Judge Feinerman considered CREVOC's entire course of conduct throughout 2019 before he issued the warning. That warning specifically referred to the two missed hearings that immediately preceded the warning as well as another missed hearing that year. And it also referred to the pattern of behavior that prompted Judge Kim to first note that CREVOC places very little importance on court orders and then prompted Judge Kim to sanction CREVOC. And the warning referred to each of these infractions by the docket entry number, the number on the docket that memorialized that behavior. And then when the warning went unheeded, Judge Feinerman dismissed the case and he referred to the clear warning. So this shows that Judge Feinerman did consider CREVOC's entire course of conduct. And this is not a case like Johnson or Sroga or cases that CREVOC cites in his briefs where the judge dismissed the case after the first infraction and did so in a one-line dismissal order that provided no context for this court to evaluate the judge's decision-making process. Mr. Sickerman, let me ask you a question. Let me ask you a question about the scope of the appeal. What issues do you think are before us on appeal? In other words, is the appeal timely with respect to the dismissal, the Rule 59 or the functional equivalent of the Rule 59 denial and the 60B denial? The, Mr. CREVOC filed his notice or his notice of appeal beyond the time that was initially allowed, but then he filed a motion to extend that period and the judge granted it. He filed it, I believe within two days of his deadline to do so. And since the judge granted that, I believe that the entire case is before this court. However- He granted that on a 60B motion after having previously denied a 59E, correct? He, there's some question about that initial order, the initial motion, the written motion, whether it was a 59 or a 60. CREVOC claims that it was a 60. And then in his briefing before the trial court judge, he denied that it was a 60B motion. And he said that the oral motion was the only motion that would be the 60B motion that would pull the time. However, if this court finds that that was a 59E motion, then the arguably the appeal of the original dismissal and of the original written motion would be untimely. But based on the judge's finding, it was, since he granted that extension, we believe that it was all timely. However, again, if the court finds that that was not a 60B motion, then arguably it is untimely. Now, with respect to CREVOC's behavior, he disregarded numerous court orders. And at one point he prompted Judge Kim to admonish him and to note that he placed very little importance on court orders that did not change his conduct. And he was then threatened with sanctions and then he was ultimately sanctioned. And he, on appeal, he does not even acknowledge that he has been sanctioned. Instead, he claims that that was just a condition. However, the attorney fee award imposed by Judge Kim was a sanction. And that shows that there had been prior unavailing sanctions. There had been prior contumacious conduct and a delay. And he argues that the delay was minimal because Home Depot's attorney was present at the hearings. But it is well settled in three penny plus other cases by this court that the failure to attend multiple hearings constitutes a delay. And the failure to attend even one hearing combined with the other infractions would also constitute a delay, which justifies dismissal. So there's a clear record of delay. There's a clear record of contumacious conduct and there are prior failed sanctions. This is not one of those cases that, as Krivak cites in his brief, where the judge dismissed the case too hastily, where he did it on the first infraction. He was well within his discretion to dismiss this case. And his decision was not fundamentally wrong. And it was one that reasonable people would agree with. Now, turning briefly to the 60B, the oral 60B motion that Mr. Krivak filed, his only purported excuse is that his attorney believed that the first two hearings, it was attorney secretary, excuse me, believed that the first two hearings were not actually set. They were just correspondence. However, it's well settled that it is the attorney's burden to monitor the docket and to review the court orders. And Mr. Krivak's attorney did not do that. So this is a case of at least ignorance or negligence, if not gross negligence. With respect to the last hearing, he argues that he thought that the hearings were both canceled. However, a cursory review of those two orders issued by Judge Feinerman confirmed that they both canceled only the hearing in front of Judge Feinerman, not the hearing in front of Judge Fuentes. And so again, a cursory review would have confirmed that. Had Krivak's attorney reviewed that, he would have known the hearing was still on. And for that reason, again, his counsel's conduct is at the very least negligence, if not gross negligence, regardless of how the court categorizes that behavior. It is not one of those extraordinary circumstances that entitles him to 60B relief. So for all of these reasons, and the reasons in our Appley brief, Home Depot respectfully requests that this court affirm Judge Feinerman in all respects. Thank you. Thank you. Mr. Corbett. Well, Judge, I'd like to first point out that I did not disregard any court orders. I did miss some deadlines. And I said, I'm not making any excuses for that, but this caused neither delay nor prejudice in this case. Like I said, when this case was dismissed, there was everything done in this case that needed to be done, required to be done. Again, I'm not here to make excuses, but the bottom line is this case was dismissed for my missing court hearings, and there being a warning that it could be dismissed if I didn't miss the court hearings. Nothing else. Council mentions Three Penny Theater Corporation. There the court found a clear record of the dilatory conduct by the plaintiff. Plaintiff missed three status hearings, failed to meet multiple deadlines, agreed to produce documents, and then refused to produce those documents when the defense attorney appeared for a document inspection, failed to inspect the defendant's documents until almost a year after the court had ordered him to do so, obtained repeated deadlines to submit a pretrial order, but failed to do so, thereby delaying the readiness for trial, which is not the case here. The plaintiff's delay in filing pretrial orders spanned over a six month period. Rather than filing a pretrial order at the end of that period, the plaintiff then filed a fifth motion  This after the fourth motion for extension of time had been denied by the court. That case and all the other cases set forth in the brief of Home Depot, the conduct that went on in those cases by council is extremely well above and beyond missing court appearances for case management reasons. I think it's obvious here, if you look at all the case law, that the court had every right to look at less draconian measures or sanctions here. And if you look at the record, he never even tried to look at any of those. As I stated before, in his order of dismissal, the judge's dismissal order, which devoted a single sentence to the explanation for dismissing my client's case, and mentions only that counsel for Mr. Krivak missed multiple status hearings, one of which after having been warned that his case could be dismissed, and then is also evident in the magistrate judge's order of the day prior, in which the magistrate judge refers to me having missed that day's status hearing after receiving a warning. Those are the only reasons given in the court's order for dismissal, missing those hearings. That's the only thing that's given. And like I said, the court has an obligation to look at other elements, as consummatiousness, delay, and prejudice. And none of those things occurred in this case. This case was ready to go to trial, and it was done at a pretty expeditious manner, given the number of depositions that had to be taken in this case, the amount of time spent for trying to settle the case. I just don't see how anybody can reach and say that there was delay, prejudice, or that I had acted consummatiously in this case. That's all I have. I just ask the court to reverse the district court's order to dismiss Mr. Krivak's case, and remand to that court, including, if appropriate, assessing a different sanction. I think that is the way justice would be served in this case. Thank you, Your Honor. Thank you very much. Our thanks to both counsel. The case is taken under advisement.